IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 2:13cr136 |
| ) | **Electronic Filing** |
| MONTAY KING ) | |

## MEMORANDUM ORDER

AND NOW, this 22nd day of April, 2016, upon due consideration of defendant's *pro se* Motion to Reduce Sentence under 18 U.S.C. § 3582(c) and Amendment 782 to the United States Sentencing Commission Guidelines Manual, and after further development of the motion pursuant to the Administrative Orders that govern such motions, IT IS ORDERED that [88] defendant's motion be, and the same hereby is, denied.

Defendant's sentence of 120 months was determined by a Fed. R. Crim. P. 11(c)(1)(C) plea agreement. This proposed and accepted agreement was the product of thorough and careful consideration of the seriousness of defendant's offense conduct and his criminal history. The agreement permitted defendant to avoid becoming entangled in sentencing guidelines issues pertaining to, among other things, defendant's classification as a career offender under U.S.S.G. 4B1.1. In other words, contrary to being set by a guidelines' range, defendant's sentence was set by an expressed understanding to bypass a formal application of the guidelines and proceed with a straightforward disposition of the case by all involved. Consequently, defendant's sentence was not based on a sentencing range that subsequently has been lower by Amendment 782 and

relief is unavailable under U.S.S.G. § 3582(c)(2).[1]

                                                                           s/David Stewart Cercone
                                                                           David Stewart Cercone
                                                                           United States District Judge

cc:    Charles A. Eberle, AUSA
        Troy Rivetti, AUSA
        Cindy K. Chung, AUSA
        Charles J. Porter, Jr., Esquire
        Damien Schorr, Esquire

        (*Via CM/ECF Electronic Mail*)

        Montay King
        Register #70696-053
        FCI Gilmer
        P. O. Box 6000
        Glenville, WV  26351

        (*Via First Class Mail*)

---

[1] Even assuming for the purposes of argument that some reference to the drug quantity table was made in the formulation and/or acceptance of the Rule 11(c)(1)(C) agreement, this court would decline to award any discretionary relief under Amendment 782 in any event.  Defendant essentially received what can only be characterized as a generous deal that produced an unquestionably just and reasonable sentence under all the attendant circumstances.